**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL LEO HARRIS,

    Petitioner,

vs.                                           Case No.    3:10-cv-678-J-32MCR
                                                                            3:07-cr-298-J-32MCR

UNITED STATES OF AMERICA,

    Respondent.

_____

## **ORDER**

This case is before the Court on Petitioner Michael Leo Harris's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1), Petitioner's Motion to Supplement (Doc. 7-1), the Government's Response in Opposition (Doc. 8), and Petitioner's Reply (Doc. 9).[1] Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition.

### **I.    Background**

On November 15, 2007, Petitioner was charged in a one-count indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). (Crim. Doc. 1.) Petitioner was found guilty by a jury on June 10, 2008. (Crim. Doc. 42.) At his October 9, 2008 sentencing hearing, the sentencing court calculated Petitioner's total offense level at 33, criminal history category V, yielding a Guidelines range of 210 to 262 months of imprisonment. (Crim. Doc. 70 at 3.) The sentencing court categorized Petitioner

---

[1]    Citations to Harris's criminal case file, <u>United States v. Michael Leo Harris</u>, 3:07-cr-298-J-32MCR, are denoted as "Crim. Doc. ___." Citations to Harris's civil § 2255 case file, 3:10-cv-678-J-32MCR, are denoted as "Doc. ___."

as an armed career criminal ("ACC") pursuant to 18 U.S.C. § 924(e) because his criminal record contained five qualifying "violent felonies."[2] (Crim. Doc. 70 at 4-6, 8.) Petitioner was sentenced to 195 months imprisonment. (Crim. Doc. 55.) Petitioner timely appealed, and the Eleventh Circuit affirmed the conviction. (Crim. Doc. 80.)

**II.     Discussion**

Petitioner timely filed the instant motion on August 2, 2010, challenging his sentence on two distinct grounds: (1) that he was provided ineffective assistance of counsel at trial and on appeal (Doc. 1 at 5-6, 8); and (2) that he should not have been characterized as an ACC in light of United States v. Harris, 608 F.3d 1222 (11th Cir. 2010), (Doc. 7-1 at 3).

    A.     Ineffective Assistance of Counsel

To establish a claim for ineffective assistance of counsel, a defendant must demonstrate: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) that the defendant was prejudiced by the deficiencies in counsel's performance. Strickland v. Washington, 466 U.S. 668, 688, 691-92 (1984). Judicial scrutiny of counsel's performance is highly deferential. Id. at 689. Courts thus must afford a strong presumption that a counsel's conduct falls within the wide range of reasonable professional

---

[2] A defendant is an "armed career criminal" if (1) he was convicted of 18 U.S.C. § 922(g), and (2) has three prior convictions for violent felony or a serious drug offense, or both. 18 U.S.C. 924(e)(1). A "serious drug offense" is defined, in pertinent part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance . . . ." § 924(e)(2)(A)(ii). A "violent felony" is defined, in pertinent part, as any offense under federal or state law punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against another or (2) is burglary . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another. § 924(e)(2)(B).

2

assistance. Id. A defendant must overcome the presumption that, under the particular circumstances, the challenged action might be considered sound trial strategy. Id.

Moreover, a court need not address the adequacy of counsel's performance where the defendant has failed to show prejudice. Id. at 697; Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001). To satisfy the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

Petitioner asserts that his counsel was ineffective because he: (1) failed to file a motion to suppress a recorded phone call; (2) failed to object to a limiting jury instruction as relating to the recorded phone call; (3) failed to object to Petitioner's sentencing enhancement; and (4) failed to object to a violation of the Court Reporter Act, 28 U.S.C. § 753.

          1. *Failure to file a motion to suppress the recorded phone calls.*

Petitioner first contends that counsel was ineffective for failing to object to the admission of a recorded phone call that was allegedly intercepted in violation of Title III of the Omnibus Crime Control and Safe Streets Act ("Title III"), 18 U.S.C. §§ 2510-22. The recorded conversation was between the Petitioner and another individual while he was being held at the Duval County Pre-Trial Detention Center.[3] Petitioner, however, cannot show that counsel's failure to move to suppress the recorded conversation fell below an objective

---

[3] While it is unclear who Petitioner was speaking to, there is no indication that the Petitioner was speaking to an attorney, or that his conversation was otherwise privileged.

standard of reasonableness.

Title III prohibits any person from using "electronic, mechanical, or other device to intercept any oral communication . . . ." 18 U.S.C. § 2511(1)(b). However, 18 U.S.C. § 2510(5)(a)(ii) expressly excludes recording equipment that is used "by an investigative or law enforcement officer in the ordinary course of his duties." Although the Eleventh Circuit has not had occasion to address this issue, other courts have found that the law enforcement exception applies to prison officials. United States v. Noriega, 764 F. Supp 1480, 1490 (S.D. Fla. 1991) (citing United States v. Amen, 831 F.2d 373, 378 (2nd Cir. 1987); United States v. Paul, 614 F.2d 115, 117 (6th Cir. 1980); Campiti v. Walonis; 611 F.2d 387, 392 (1st Cir. 1979)). For example, the Noriega court found that the exception applied to the interception of the defendant's call by prison officials while the defendant was detained pending trial. Id.

The law enforcement exception applies here because Petitioner made the phone calls from the Duval County Pre-Trial Detention Facility, which has a policy of recording all inmate phone-calls (after advising the inmate that the call would be recorded). (Doc. 1 at 16, Crim. Doc. 64 at 83-84). Because counsel thus had no legal basis to object to the admission of the recording, Petitioner's ineffective assistance claim is without merit.[4]

    2. *Failure to object to the limiting jury instruction.*

Petitioner next claims that counsel was ineffective for not objecting to a limiting instruction given to the jury, in which the Court stated:

---

[4] The second alleged violation, the improper disclosure of the recorded phone call without judicial approval, is equally without merit. Because there was no need for judicial approval to initially intercept the phone call of the Petitioner pursuant to the law enforcement exception, § 2517(5) would not apply.

4

> I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape-recording, and also to aid you in identifying the speakers.
>
> However, you are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely up to you to determine based upon the your own evaluation of the testimony you have heard concerning the preparation of the transcript and from your own hearing of the tape-recording itself as the primary evidence of its own contents.
>
> And if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

(Doc. 8 at 10.)

Petitioner claims that this limiting instruction unconstitutionally created a conclusive presumption and shifted the burden of proof in violation of Sandstrom v. Montana, 442 U.S. 510, 524 (1979). Specifically, Petitioner asserts that, because the transcript identified the speakers in the recorded phone call, the accompanying jury instruction "created a mandatory conclusion and did shift the burden of [proof] onto the movant." (Doc 1 at 30.) Petitioner does not contest the conversation's content or the identity of the speakers; instead he only argues that the burden was improperly shifted to him to prove that he was not speaking.

The Eleventh Circuit rejected a similar argument in United States v. Nixon, 918 F.2d 895, 902 (11th Cir. 1990). In Nixon, the defendants challenged the use of transcripts, not because of their content, but because the transcripts listed the identity of the speakers. Id. at 901. The Eleventh Circuit noted, however, that the instruction stresses that it is solely for the jury to decide whether to believe the identification of the speakers listed in a transcript. Id. Therefore, this Court finds that counsel's performance did not fall below an objectively

5

reasonable standard.[5]

        3.    *Failure of counsel to object to the ACC sentencing enhancement.*

Petitioner also argues that counsel's representation fell below an objective standard of reasonableness because he failed to object to the court's classification of his conviction for lewd and lascivious sexual battery as a predicate offense for the ACC enhancement. Title 18, United States Code, Section 924(e) states that, before the enhancement can apply to a defendant convicted under § 922(g), the defendant must have three prior qualifying felony convictions for either a violent felony or serious drug offense. In this case, the government presented the sentencing court with evidence of five prior state convictions.[6] (Crim. Doc. 70 at 4-8, 20.) Thus, regardless of whether counsel was ineffective for failing to object to lewd and lascivious sexual battery as a predicate offense for the ACC enhancement, Petitioner suffered no prejudice because the sentencing court had sufficient evidence of other qualifying predicate offenses to support the ACC sentence enhancement. (Id.)

        4.    *Failure of appellate counsel to object to a violation of the Court Reporter Act.*

Finally, Petitioner alleges that his appellate counsel was ineffective because: (1) counsel failed to raise an objection to a violation of the Court Reporter Act, 28 U.S.C. §

---

[5] For the same reasons, Petitioner's appellate counsel likewise did not render ineffective assistance by failing to raise this meritless issue.

[6] In addition to the lewd and lascivious sexual battery conviction, the government introduced evidence at sentencing of four other convictions: three burglaries, and an aggravated battery.

6

753(b); and (2) counsel did not request the transcript from closing arguments. Petitioner's claims are without merit. In order to have a violation of the Court Reporter Act, there must be a failure to record, verbatim, all sessions of court. Petitioner, however, incorrectly identifies the lack of a transcript of closing arguments as the same as a failure to make a verbatim recording of them. Appellate counsel thus had no basis to raise this issue.

Appellate counsel also did not fall below an objective standard of reasonableness by failing to request the transcripts of closing arguments. See United States v. Newsome, 493 F.2d 439, 441 (5th Cir. 1974) (holding that the failure to request transcripts of a complete record—with all proceedings in open court recorded—did not warrant reversal of a conviction.)[7]

As the Court in Strickland cautioned, courts are not to employ hindsight when reviewing counsel's actions, and that judicial scrutiny must be highly deferential. Strickland, 466 U.S. at 689. Petitioner's appellate counsel had other portions of the trial transcript, including the Court's ruling on the playing of a portion of the recorded conversation during closing arguments. This Court finds that Petitioner has not overcome the presumption that, under the particular circumstances, the challenged decision of his appellate counsel was sound strategy under the prevailing norms. Therefore, Petitioner has not demonstrated that he received ineffective assistance of appellate counsel.

B.     Armed Career Criminal Sentencing Enhancement

---

[7]   In Bonner v. City of Pichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Petitioner also moves this Court to vacate his sentence because his state conviction of lewd and lascivious sexual battery of a minor under sixteen-years-old no longer qualifies as a violent felony to support an ACC enhancement. (Doc. 7-1 at 3.) However, the sentencing court relied on four qualifying predicate state convictions, in addition to Petitioner's lewd and lascivious sexual battery conviction, to support the ACC enhancement. Therefore, Petitioner's argument that he is actually innocent of his sentence is without merit.[8]

Accordingly, it is hereby

**ORDERED:**

Petitioner Michael Leo Harris's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL

IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(I). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §

---

[8] Even if Petitioner's claim had merit, it would nevertheless be barred under the doctrine of procedural default. Petitioner did not raise this issue on direct appeal, and neither exception to the procedural default rule applies. To establish an exception, a petitioner must show: (1) "cause for the default and actual prejudice resulting from the alleged constitutional violation," Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010), or (2) "a miscarriage of justice, or actual innocence," McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). Petitioner, however, is unable to meet either exception.

2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of May, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

mh.
Copies:
counsel of record
pro se party